UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CARLOS BOYLAND, individually and
on behalf of all others similarly situated,

    Plaintiff,

v().                                             Case No.    19-2594

MID-SOUTH TRANSPORTATION
MANAGEMENT, INC.,

    Defendant.

---

## COLLECTIVE ACTION COMPLAINT UNDER THE FLSA

---

Plaintiff Carlos Boyland ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this action against Mid-South Transportation Management, Inc. ("Defendant"), for damages and other relief relating to violations under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  Plaintiff alleges as follows:

### I. JURISDICTION

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### II. FACTS

2.    Plaintiff Boyland is an adult resident of Shelby County, Tennessee.  Plaintiff Boyland has been employed by and worked for Defendant as a bus operator since approximately 1997.  At all relevant times, Mr. Boyland was qualified as an employee under the FLSA, 29 U.S.C. § 203(e)(1).

3. Defendant Mid-South Transportation Management, Inc. is a company with its principal office located at 600 Vine St., Cincinnati, OH 45202. At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Defendant Mid-South Transportation, Inc. is the management company that employs the personnel to operate Memphis Area Transit Authority ("MATA"). Specifically, Defendant staffs, hires and manages bus operators for MATA buses, including Plaintiff Boyland and similarly situated bus operators. Plaintiff and similar situated bus operators (as defined below as the Putative Collective) worked for Defendant during the relevant time period.

5. Defendant is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Upon information and belief, Defendant earns revenues in excess of $500,000 annually.

6. Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under 29 U.S.C. § 216(b). Plaintiff's written consent for is attached to the Complaint as **Exhibit A.**

7. Defendant hired Plaintiff and similarly situated bus operators to drive MATA city buses in Memphis, Tennessee.

8. Plaintiff and similarly situated bus operators are compensated on an hourly basis.

9. Plaintiff Boyland and similarly situated bus operators' hourly pay rates are set

pursuant to Contract No. 46, between Defendant and the Amalgamated Transit Union Local 713. Contract No. 46 sets forth the pay structure, hourly pay rates, and other terms of employment from July 1, 2017 through 30, 2020.

10. Plaintiff Boyland's current hourly rate is $23.63 per hour

11. Plaintiff and similarly situated bus operators do not provide any interstate transportation (i.e., across state lines).

12. During the applicable statutory period, Plaintiff and similarly situated bus operators should have been paid overtime compensation for all hours worked over forty (40) in a work week. Indeed, the FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees, such as Plaintiff and others similarly situated, at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per week. See 29 C.F.R. § 778.107.

13. Plaintiff and other similarly situated bus operators have worked over forty (40) hours in certain workweeks over the past three years.

14. Plaintiff Boyland regularly works approximately one hundred (100) hours per week without receiving full overtime compensation.

15. During these weeks, Defendant did not provide Plaintiff or similarly situated bus operators with overtime compensation at a rate of one-and-one-half times (1.5x) their regular rate of pay for all hours worked over forty.

16. Part II, section 23, part (g) of Contract No. 46 provides in part that overtime hours will be paid at a rate of one-and-one-half times the regular rate for hours worked in excess of eight (8) in a work day unless the rest of the operator's regularly scheduled work assignments for the week.

17. Instead, Defendant compensates Plaintiff and similarly situated bus operators in straight time for some hours worked at a rate of one-times the applicable regular rates (1x) and one-half times the applicable regular rates (.5x) for other hours worked. None of the overtime hours are compensated at a rate of one-and-one-half times (1.5x) the applicable regular rates.

### III. COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

19. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed FLSA Putative Collective is defined as follows:

> A. All persons who worked as bus operators, regular operators, extra board operators, board operators, or in similar positions for Defendant at any time since three years prior to the filing of this Complaint.

20. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). See Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

21. During the applicable statutory period, Plaintiff and the Putative Collective routinely worked in excess of forty (40) hours per workweek without receiving proper overtime compensation for their overtime hours worked.

22. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Putative Collective.

23. Accordingly, notice should be sent to all similarly situated bus operators. There are numerous bus operators who have suffered from Defendant's practice of denying overtime pay and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join. Those similarly situated bus operators are known to Defendant and are readily

identifiable through its records.

## IV. COUNT I
### FEDERAL OVERTIME VIOLATIONS
**(Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**
*On Behalf of Plaintiffs and Similarly Situated Bus Operators*

24. Plaintiff, individually and on behalf of similarly situated bus operators, re-alleges and incorproates by reference the above paragraphs as if fully set forth herein.

25. The FLSA requries covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a work week. 29 U.S.C. § 207.

26. Defendant is a covered "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

27. Plaintiff and the Putative Collective qualify as non-exempt covered employees. 29 U.S.C. § 203(e)(1).

28. Plaintiff and the Putative Collective have worked more than forty (40) hours per week for Defendant during the applicable time period.

29. Defendant has not properly compensated Plaintiff or the Putative Collective for all of their overtime hours as required by the FLSA.

30. Defendant does not and has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the Putative Collective.

31. Defendant knew Plaintiffs and the Putative Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiffs and the Putative Collective with wages at the required overtime rates. 29 U.S.C. § 255.

32. Defendant's willful failure and refusal to pay Plaintiffs and the Putative Collective's overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

33. As a direct and proximate result of these unlawful practices, Plaintiffs and the Putative Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## V. PRAYER FOR RELIEF

34. WHEREFORE, Plaintiffs, individually and on behalf of the Putative Collective, pray for relief as follows:

   A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

   B. Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to the protection of the FLSA;

   C. Judgment against Defendant for violation of the overtime provisions of the FLSA;

   D. Judgment that Defendant's violations as described above were willful;

   E. An award in an amount equal to Plaintiffs' and those similarly situated's unpaid back wages at the applicable overtime rate;

   F. An award to Plaintiffs and those similarly situated for liquidated damages and civil penalties where provided by law;

   G. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

   H. An award of prejudgment interest and post-judgment interest as provided by law;

   I. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

   J. For such other and further relief, in law or equity, as this Court may deem

appropriate and just.

                                Respectfully submitted,

                                /s/ William B. Ryan
                                William B. Ryan – TN Bar #20269
                                Janelle C. Osowski – TN Bar #31359
                                DONATI LAW, PLLC
                                1545 Union Avenue
                                Memphis, TN 38104
                                Telephone: 901-278-1004
                                Fax: 901-278-3111
                                Email:  billy@donatilaw.com
                                              janelle@donatilaw.com

                                ATTORNEYS FOR PLAINTIFFS AND THE
                                PUTATIVE COLLECTIVE ACTION

                                Dated: 9.5.19