# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| CARLOS BOYLAND, Individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) MID-SOUTH TRANSPORTATION ) MANAGEMENT, INC., ) ) Defendant. ) | Case No. 2:19-cv-02594-JPM-cgc |

## AMENDED CLASS SCHEDULING ORDER

This cause was before the Court for a Telephonic Status/Scheduling Conference on February 13, 2020. Present for Plaintiff Carlos Boyland were William Ryan and Janelle Osowski. Present for Defendant Mid-South Transportation Management, Inc. were Justin Barnes and William Moseley. At the Conference, the Court set the remaining deadlines for the case, which is reflected in the schedule below.

The Court held a Telephonic Scheduling Conference on October 31, 2019, pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rules 16.1 and 16.2 (differentiated case management). Counsel present for Plaintiff Carlos Boyland were William B. Ryan and Janelle C. Osowski. Counsel present for Defendant Mid-South Transportation Management, Inc. was Justin R. Barnes. Prior to the scheduling conference, on October 8, 2019, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f).

This class action arises out of Defendant Mid-South Transportation Management, Inc.'s alleged failure to pay Plaintiff Carlos Boyland and other similarly situated bus drivers' overtime pay in violation of FLSA, 29 U.S.C. § 207. (ECF No. 1 at ¶ 12.) Defendant Mid-South Transportation manages the personnel for the Memphis Area Transit Authority, and Plaintiff Boyland and other similarly situated Plaintiffs are bus operators for Defendant. (Id. at ¶ 4.) Plaintiff is still employed with Defendant and has been a bus operator since approximately 1997. (Id. at ¶ 2.) Plaintiff also asserts that his pay rates are set by Contract No. 46 between Defendant and the Amalgamated Transit Union Local 713. (Id. at ¶ 9.) Plaintiff alleges that he works approximately 100 hours per week and had not received full overtime compensation in the form of one-and-one-half times pay for overtime. (Id. at ¶ 14, 15.) The Complaint defines the putative collective class as "All persons who worked as bus operators, regular operators, extra board operators, board operators, or in similar positions for Defendant at any time since three

years prior to the filing of this Complaint." (Id. at ¶ 19.)   Plaintiff seeks an award of Plaintiff's unpaid back wages, liquidated damages and civil penalties, attorney's fees and costs, prejudgment and post-judgment interest, and any other relief "in law or equity, as this Court may deem appropriate and just." (Id. at ¶ 34A–J.)

Defendant filed its Answer on October 3, 2019. (ECF No. 33.)   Defendant denies Plaintiff's allegations, and further asserts thirteen affirmative defenses, applicable to both Plaintiff's individual claims and any claims brought on behalf of similarly situated individuals. (Id.)

The parties do not dispute the following facts:

(1) Defendant Mid-South Transportation is owned by First Transit, a British corporation, who is, in turn, owned by First Group, PLC.

(2) Guy Rosenfeld is the CEO of Defendant Mid-South Transportation. Bernard Rudolph is the CFO of Defendant Mid-South Transportation. Susan Schubert oversees Defendant Mid-South Transportation's human resources department.

(3) The Memphis Area Transit Authority's ("MATA") headquarters is located at 1370 Levee Rd., Memphis, Tennessee. Bus drivers similarly situated to Plaintiff Boyland check-in at this location at the beginning of each work day. The workday for bus drivers starts when they pull in and park.

(4) The parties agree that some bus drivers employed by Mid-South have been underpaid and that some bus drivers may have been overpaid.

(5) Defendant Mid-South contracts with MATA to provide bus drivers for MATA busses.

(6) The contract between Defendant Mid-South and MATA provides for **daily overtime pay rates**. The contract also specifies how much time is built in to a bus driver's workday.

(7) Michael Wilson is the union representative who negotiated the contract on the behalf of the bus drivers. The contract also specifies the four union stewards for the bus drivers' union.

(8) Bus drivers employed pursuant to the contract wear MATA uniform jackets and slacks which bear MATA's logo.

(9) Defendant Mid-South recently hired a new company to oversee its payroll records and set its drivers' weekly schedules. Its previous records were handwritten. Defendant and Plaintiff agree that any payroll errors occurred because of filing errors either by Defendant Mid-South Transportation or its payroll company.

 (10) The putative class is estimated to include 200 to 250 drivers.

 (11) The Department of Labor investigated Defendant Mid-South's payment practices.

 (12) Individual Plaintiff Boyland does not operate MATA buses on a set route or schedule.

 (13) The parties estimate that the damages asserted by Plaintiff and those similarly situated to Plaintiff total between roughly $1,000,000 and $3,000,000 but will likely not exceed $5,000,000.

The following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: **November 14, 2019**

**INITIAL DISCLOSURES OF WITNESSES PURSUANT TO FED. R. CIV. P. 26(a)(1): November 14, 2019**

**INITIAL DISCLOSURE OF ELECTRONIC DATA PURSUANT TO FED. R. CIV. P. 26(a)(1): December 16, 2019**

**INITIAL DISCLOSURE OF DAMAGES CALCULATIONS PURUSANT TO FED. R. CIV. P. 26(a)(1): January 15, 2020**

**PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION: December 20, 2019** (Plaintiff will attach to his Motion attempts to reach other potential class members, to be filed within 30 days of filing of Motion)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION:** Defendant shall file its Response to Plaintiff's Motion for Conditional Class Certification within **30 days of filing of Plaintiff's Motion for Conditional Class Certification, but not later than January 10, 2020.**

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION:** Plaintiff shall file its Reply to Defendant's Response within **14 days of Defendant's filing of its Response to Plaintiff's Motion for Conditional Certification**, **but not later than January 24, 2020.**

**TELEPHONIC STATUS/SCHEDULING CONFERENCE: February 13, 2020, at 9:30 a.m.**

**MOTIONS TO JOIN PARTIES**: **Not Applicable**

**MOTIONS TO AMEND PLEADINGS**: **Not Anticipated**

**MOTIONS TO DISMISS**: **Not Applicable**

**ALTERNATIVE DISPUTE RESOLUTION (not required)**:

**COMPLETING ALL DISCOVERY: September 21, 2020**

    **(a)**    **WRITTEN DISCOVERY: August 21, 2020**
    **(b)**    **DEPOSITIONS: September 21, 2020**

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2):**

    **(a)**    **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION: July 21, 2020**

    **(b)**    **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION: August 21, 2020**

    **(c)**    **EXPERT WITNESS DEPOSITIONS: September 21, 2020**

**MOTIONS TO EXCLUDE EXPERTS UNDER FED. R. EVID. 702/DAUBERT MOTIONS: October 5, 2020**

**SUPPLEMENTATION UNDER RULE 26(e)(2): September 21, 2020**

**FILING DISPOSITIVE MOTIONS: October 20, 2020**

**TRIAL**:

1. The **nonjury trial** in this matter, which is anticipated to last **7-8** days, is set to begin on **December 7, 2020** in a courtroom to be designated by the District Court courtroom sharing plan.

2. A **pretrial conference** is set for **November 24, 2020, at 9:30 a.m**.

3. The **joint proposed pretrial order and motions in limine** are due by no later than 4:30 p.m. on **November 13, 2020**.

**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have agreed that e-discovery will take place and have set forth a procedure for any such discovery. (Rule 26(f) Report, ECF No. 44 at ¶ 6.)

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

The parties may engage in ADR at their discretion by the ADR deadline. If any party determines that mediation is unlikely to be successful, would not be cost effective, or is a procedure in which they do not wish to engage, they may file a Notice of Intent not to engage in mediation. Upon such notice, the mediation shall be cancelled. Pursuant to Local Rule 16.2(d), if the parties choose to engage in mediation, within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

**IT IS SO ORDERED**, this 26th day of February, 2020.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

5